IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | Case No. 06 C 4690 |
| Plaintiff, | ) | |
| | ) | Judge Kocoras |
| v. | ) | |
| | ) | |
| INDIO PRODUCTS, INC. | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**NATIVE AMERICAN ARTS, INC.'S SUR-REPLY IN RESPONSE TO DEFENDANTS REPLY IN SUPPORT OF ITS BILL OF COSTS**

NOW COMES Plaintiff Native American Arts, Inc. ("NAA"), by its attorney, Michael P. Mullen of the law firm of Mullen & Foster, and as a Sur-Reply in Response to Defendant's Reply in Support of its Bill of Costs and to Defendant's Counsel's affidavit, states as follows:

Defendant filed a Bill of Costs and its Memorandum in Support of its Bill of Costs. Plaintiff filed Native American's Arts, Inc.'s Objection to and Response to Defendant's Bill of Costs. Therein NAA objected to a requested witness fees for Defendant's expert in the amount of $29,855 and objected to a lack of documentation.

NAA's primary argument regarding taxation of expert witness fees is reflected in its Objection and Response to Defendant's Bill of Costs that expert witnesses fees are not taxable beyond statutory witness attendance fees which are absent in this case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *Illinois v. Saugermon*, 65 F.2d 855, 867 (7th Cir. 1981).

Defendant's counsel labeled the expert witness request as a "Witness Fees For Defendant's Expert" indicating a single expert. Actually, Defendant is seeking fees for two experts including one, Debra Ann Villepigue who got sick and dropped out of the case after her deposition had been requested by Plaintiff but before any deposition occurred. Another expert

1

was then substituted by Defendant, William D. Hoefer, Jr. who submitted a purported "Expert Report"[1] and was deposed. See Plaintiff's Exhibit A Order and Agreed Motion to Substitute Expert Witness. Defendant is improperly seeking witness fees for both experts.

Defendant submitted an affidavit which is incorrect, misleading and deceitful. Defendant's counsel is seeking $3,000.00 in expert witness fees labeled as a Retainer Fee which is a duplication of the $11,055.00 Villepigue charge. The Villepigue bill, submitted to the Court for the first time in Defense Counsel's affidavit in its Reply, clearly shows $3,000 "applied monies received 05/07/2010", obviously the retainer fee. (Defendant's Exhibit C to Mr. Borcia's Affidavit.) Mr. Borcia's bill of costs and affidavit include both the $11,055.00 Villepigue bill and the $3,000 in the $29,855.50 sought.

Mr. Borcia's affidavit is also incorrect and misleading in that he includes expert deposition time of $608.00 for Mr. Hoefer's 2/21/2011 deposition. This deposition time fee is in violation of an oral agreement between Mr. Borcia and the undersigned that neither party would charge the other party for their expert witness fees for depositions. Plaintiff has honored that agreement and not sought expert fees for its experts deposition time. Nor has Mr. Borcia sought payment by Plaintiff for fees for expert depositions until now. Mr. Borcia is attempting to violate that agreement by seeking to have those deposition fees taxed as costs herein in the amount of $608.00. Such fees should not be taxed.

Mr. Borcia incorrectly states in his affidavit that Plaintiff does not challenge Indio experts

---

[1] Defendant never used the Hoefer report in the Summary Judgment proceeding. Had Defendant attempted to do so, NAA would have vigorously objected and would have sought to strike any use. This is an Indian products case consisting of one jewelry item, a bracelet, and several statues. Mr. Hoefer is a gemologist and jewelry appraiser who concededly has no Indian product experience or expertise and does not qualify as an expert in this Indian products case. Appraisal or valuation was not at issue. Defendant also failed to use Ms. Villepigue also a jewelry appraiser because she refused to be deposed allegedly because of illness and dropped out of the case.

was then substituted by Defendant, William D. Hoefer, Jr. who submitted a purported "Expert Report"[1] and was deposed. See Plaintiff's Exhibit A Order and Agreed Motion to Substitute Expert Witness. Defendant is improperly seeking witness fees for both experts.

Defendant submitted an affidavit which is incorrect, misleading and deceitful. Defendant's counsel is seeking $3,000.00 in expert witness fees labeled as a Retainer Fee which is a duplication of the $11,055.00 Villepigue charge. The Villepigue bill, submitted to the Court for the first time in Defense Counsel's affidavit in its Reply, clearly shows $3,000 "applied monies received 05/07/2010", obviously the retainer fee. (Defendant's Exhibit C to Mr. Borcia's Affidavit.) Mr. Borcia's bill of costs and affidavit include both the $11,055.00 Villepigue bill and the $3,000 in the $29,855.50 sought.

Mr. Borcia's affidavit is also incorrect and misleading in that he includes expert deposition time of $608.00 for Mr. Hoefer's 2/21/2011 deposition. This deposition time fee is in violation of an oral agreement between Mr. Borcia and the undersigned that neither party would charge the other party for their expert witness fees for depositions. Plaintiff has honored that agreement and not sought expert fees for its experts deposition time. Nor has Mr. Borcia sought payment by Plaintiff for fees for expert depositions until now. Mr. Borcia is attempting to violate that agreement by seeking to have those deposition fees taxed as costs herein in the amount of $608.00. Such fees should not be taxed.

Mr. Borcia incorrectly states in his affidavit that Plaintiff does not challenge Indio experts

---

[1] Defendant never used the Hoefer report in the Summary Judgment proceeding. Had Defendant attempted to do so, NAA would have vigorously objected and would have sought to strike any use. This is an Indian products case consisting of one jewelry item, a bracelet, and several statues. Mr. Hoefer is a gemologist and jewelry appraiser who concededly has no Indian product experience or expertise and does not qualify as an expert in this Indian products case. Appraisal or valuation was not at issue. Defendant also failed to use Ms. Villepigue also a jewelry appraiser because she refused to be deposed allegedly because of illness and dropped out of the case.

rates or the reasonableness of the time spent by the experts. After reviewing the documentation and affidavit submitted to the Court, NAA does indeed challenge the hours billed by Mr. Hoefer of 52 hours and the rate charged by Hoefer of $295.00 per hour and Villepigue of $340.00 per hour.

The total time charged for Villepigue is 32 hours for inspection analysis and the report. Yet Hoefer is charging 52 hours for the same work indicating the Hoefer hours are grossly excessive.

In addition, the hourly rates for both Villepigue and Hoefer are excessive. Both are jewelry appraisers who have no experience or expertise regarding Indian products. Hoefer admitted that in his deposition at pp. 19-20. See Plaintiff's Exhibit B attached. About 13 products were at issue in the case in discovery (1 jewelry item and 12 statues) which were then reduced to 4 products at the end of discovery (1 bracelet and 3 statues).

Defense counsel asserts a charge for 688 color copies including two binding supplies in the amount of $693.00 by an outside company IES. The invoice is now attached as Exhibit B to Counsel's affidavit. But the invoice does not describe the 688 color copies nor does the Tessler LLP Disbursement Report reflect a $693.00 disbursement for this item even though the report reflects other disbursements.

Counsel's affidavit asserts it is for a color copy of Indio's catalog that was requested by Plaintiff and produced to Plaintiff by Indio in discovery in this case. However, this is inaccurate. Plaintiff's counsel never asked for nor received 688 color copies of anything let alone catalogues. Indio's catalogue had already been obtained by Plaintiff and was in its possession so there was no need for production of copies of a catalogue let alone 688. Defendant did produce a single regular Indio catalogue early on in discovery but it was not completely specially reproduced in

any manner on Plaintiff's request. NAA requested and received one copy of about 10 pages of the catalogue from Defendant. In any event, Defendant says they were provided to Plaintiff's counsel as part of discovery and were not provided to the Court for any reason. Defendant cannot tax just any copies of discovery used generally but rather only court copies of pleadings, motions and memorandums etc.

After receiving the documentation on in-house copying of $120.60, Plaintiff does not contest the taxing of those costs.

After reviewing the documentation on Matthew Mullen's deposition transcript being only the original fee which was partially used in the Summary Judgment, Plaintiff does not contest the taxing of this $392.90.

WHEREFOR, Plaintiff does not contest the taxing of $392.90 for deposition transcripts, and $120.60 for in-house copying. Plaintiff's objection to all other proposed tax of costs including expert witness fees, attorney travel expenses and living costs and outside color photocopies should be sustained and taxation thereof denied.

/s/Michael P. Mullen
Michael P. Mullen

Michael P. Mullen
Mullen & Foster
333 North Michigan Avenue, Suite 1230
Chicago, IL 60601