# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 06 C 4690 | DATE | March 6, 2012 |
| CASE TITLE | Native American Arts, Inc. vs. Indio Products, Inc. | | |

**DOCKET ENTRY TEXT**

The Court denies Indio's motion (Doc [167]) for attorney's fees and awards costs in the amount of $1,206.50 to Indio.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

This case comes before the Court on the motion for attorney's fees and bill of costs of Defendant Indio Products, Inc. ("Indio"). For the reasons stated below, the Court denies the motion for attorney's fees and awards costs in the amount of $1,206.50 to Indio.

On October 6, 2011, this Court entered summary judgment in favor of Indio and against Plaintiff Native American Arts, Inc. ("NAA"). Indio now moves for attorney's fees under 25 U.S.C. § 305e and seeks to recover $33,544.86 for costs.

Indio, a prevailing defendant, seeks attorney's fees under the Indian Arts and Crafts Act, 25 U.S.C. § 305e (the "Act"). NAA responds that the Act only permits an award of attorney's fees to a prevailing plaintiff. Subsection (c) of the Act states that "[i]n addition to the relief specified in subsection (b) . . . , the court may award punitive damages and the costs of the civil action and a reasonable attorney's fee." Subsection (b) refers exclusively to the relief that a plaintiff may obtain under the Act.

A prevailing defendant cannot obtain attorney's fees under the Act for two reasons. First, the "in addition to" language in subsection (c) connects the award of attorney's fees to the relief awarded to a prevailing plaintiff under subsection (b). Second, subsection (c) also permits an award of punitive damages, which is only available to a prevailing plaintiff. The inclusion of relief only available to a prevailing plaintiff further demonstrates the connection between the relief awarded to a plaintiff under subsection (b) and the additional relief provided for in subsection (c). Because the Act unambiguously permits an award of attorney's fees only to a prevailing plaintiff, the Court denies Indio's motion.

Aside from attorney's fees, Indio also seeks to recover $33,544.86 for costs, which includes $392.90 for a deposition transcript, $813.60 for photocopies, $29,855.50 for expert witness fees, and $2,482.86 for travel

**ORDER**

expenses incurred by its attorneys. A court may award costs to the prevailing party. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the prevailing party may recover: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for use in the case; (5) docket fees; and (6) compensation of court appointed exerts and interpreters.

NAA states several objections. First, NAA objects to Indio's recovery of $693.00 for color photocopies of Indio's catalog. The prevailing party may recover costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This includes copies of discovery documents and documents filed with the court but not copies made solely for the convenience of the prevailing party's attorneys. *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994). Indio made three color copies of its catalog and supplied a copy to NAA's counsel pursuant to a discovery request, to Indio's expert, and to the Court with its summary judgment motion. Indio may recover the cost of the color copies because they were necessarily obtained for use in the case and not made solely for the convenience of Indio's attorneys.

Second, NAA objects to Indio's recovery of $29,855.50 for expert witness fees. As a preliminary matter, Indio seeks to recover expert witness fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E) and not under 28 U.S.C. § 1920. Thus, Indio improperly included this amount in its request for taxable costs under 28 U.S.C. § 1920. Because the parties have briefed this issue, the Court will consider Indio's request for expert witness fees under Rule 26(b)(4)(E). Rule 26(b)(4)(E) requires that the party seeking discovery from an expert witness pay that witness a reasonable fee for time spent responding to discovery. Rather than follow Rule 26(b)(4)(E) and pay the fees charged by the opposing party's expert witness to respond to discovery, counsel for NAA and Indio previously agreed that each party would pay this fee for its own expert witness. Pursuant to counsels' agreement, NAA paid the fee for its expert to respond to Indio's discovery and Indio cannot now ask for NAA to also pay its expert's fees. Indio maintains that it can recover this cost as the prevailing party. However, Rule 26(b)(4)(E) allocates expert witness fees to the party seeking discovery and does not allow a party to recover such fees simply because it prevailed. Even if Indio could recover expert witness fees, the amount it could recover is nowhere near the amount sought. *See Chi United Indus., Ltd. v. City of Chi.*, 2011 WL 4383007, at *1-2 (N.D. Ill. Sept. 20, 2011) (noting that Rule 26(b)(4)(E) obligates the party seeking discovery to pay, at most, a reasonable fee for the expert witness's time to prepare for, and attend, the deposition). Accordingly, the Court reduces Indio's request for costs by $29,855.50.

Finally, NAA objects to Indio's recovery of $2,482.86 for travel related costs incurred by Indio's attorneys. Contrary to Indio's representation, a party cannot recover travel related costs incurred by attorneys. *Calderon v. Witvoet*, 112 F. 3d 275, 276 (7th Cir. 1997) (per curiam); *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975). Accordingly, the Court reduces Indio's request for costs by $2,482.86.

For the foregoing reasons, this Court denies Indio's motion for attorney's fees and awards costs in the amount of $1,206.50 to Indio.

Date: **March 6, 2012**

*Charles P. Kocoras*
_____
**CHARLES P. KOCORAS**
**U.S. District Judge**